PEOPLE v LEE

1. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS—RIGHT TO
   SPEEDY PUBLIC TRIAL—COURT RULES.
   The right to a speedy public trial is not one of the rights which a
   court must advise a criminal defendant that he is waiving by
   his plea of guilty (GCR 1963, 785.7).

2. CRIMINAL LAW—PLEA OF GUILTY—WAIVER OF RIGHTS—COURT
   RULES.
   A court should determine when accepting a plea of guilty that
   the defendant understands that he is waiving the following
   rights: the right to a jury trial or trial by the court, the right to
   be presumed innocent until proven guilty beyond a reasonable
   doubt, the right to confront and question witnesses against him
   and to have compulsory process for obtaining witnesses in his
   favor, the right to remain silent or to testify at his trial as he
   may choose, and that at a trial no inferences adverse to him
   may be properly drawn if defendant chooses not to testify (GCR
   1963, 785.7[1][d]).

Appeal from Recorder's Court of Detroit, Dalton A. Roberson, J. Submitted February 4, 1976, at Detroit. (Docket No. 25043.) Decided March 9, 1976.

Roscoe Lee, Jr., was convicted, on his plea of guilty, of assault with intent to rob while armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney Research, Training and Appeals, and

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 253.
[2] 21 Am Jur 2d, Criminal Law § 495.

*Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John D. Reseigh,* for defendant.

Before: BASHARA, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

PER CURIAM. Defendant appeals a plea-based conviction for assault with intent to rob while being armed, MCLA 750.89; MSA 28.284. The plea was accepted by the Detroit Recorder's Court which subsequently sentenced defendant to a term of from 7 to 15 years in prison.

Defendant's sole assertion of error on appeal is that the plea taking procedure was reversibly erroneous because the court did not inform defendant of his right to a speedy, public trial. We disagree. We do not wish to get involved in an argument involving the importance of the right to a speedy trial in relation to other constitutional rights. Nonetheless, the Supreme Court has carefully established such a hierarchy, first in *People v Rufus Williams,* 386 Mich 277; 192 NW2d 466 (1971), and then in the promulgation of GCR 1963, 785.7(1)(d). That rule explicitly specified those rights which the court must tell the defendant he is waiving by pleading guilty. The right to a speedy, public trial is not among them.

Affirmed.