PEOPLE *v.* LINTZ.

1. CRIMINAL LAW—RECEIVING STOLEN AUTOMOBILE—ELEMENTS OF OFFENSE—INTENT—QUESTION FOR JURY.

In a prosecution for having purchased and concealed a stolen automobile in violation of section 15301, 3 Comp. Laws 1915, guilty knowledge is an essential element of the offense, and, when denied, is a question of fact for the jury.

2. SAME—INTENT—TRIAL—INSTRUCTIONS.

Where the evidence showed that the car was purchased by defendant's employee from two boys, but defendant denied knowledge that it was stolen, an instruction by the court to the jury that if defendant "knew that this car was purchased of two boys that that circumstance itself was sufficient to charge him with knowledge that it was a stolen car," standing alone was erroneous.

3. SAME—TRIAL—INSTRUCTIONS—CURING ERROR.

But where such instruction was immediately modified by the statement "that is, the fact that two boys brought that car there for sale was sufficient to put him upon inquiry," when taken in connection with instruction previously given that "the prosecution must show * * * beyond all reasonable doubt that he knew at the time

See note in 22 L. R. A. (N. S.) 833.

he purchased said automobile * * * that said auto-
'mobile had been stolen," etc., *held*, that the jury were
not misled.

4. SAME—EVIDENCE—DISCRETION OF COURT.
   While the court might properly have permitted defendant
   to answer the questions as to what kind of schooling or
   education he had, whether he had ever had any training
   in bookkeeping, there was no error in rejecting the an-
   swers, such questions being within the discretion of the
   court.

Error to Genesee; Brennan, J. Submitted October
17, 1918. (Docket No. 119.) Decided December 27,
1918.

C. H. Lintz was convicted of having purchased and
concealed a stolen automobile, and sentenced to im-
prisonment for not less than one year or more than
five years in the State reformatory at Ionia. Af-
firmed.

*Charles S. Abbott, George W. Cook,* and *Marshall
Frisbie,* for appellant.

*Roy E. Brownell,* Prosecuting Attorney, and *H. B.
Freeman,* Assistant Prosecuting Attorney, for the
people.

BIRD, J. Defendant was convicted in the Genesee
circuit court of having purchased and concealed a
stolen automobile in violation of the following statute:

"Every person who shall buy, receive or aid in the
concealment of any stolen money, goods or property,
knowing the same to have been stolen, if the property
purchased, received or concealed exceed the value of
twenty-five dollars, shall be punished by imprison-
ment," * * * 3 Comp. Laws, § 15301.

Defendant operated a garage and sales agency in
the city of Flint. At about three o'clock in the morn-
ing of October 30, 1917, two boys 18 years of age

drove into defendant's garage a Hudson touring car which they had stolen the evening before on the streets of Detroit. When defendant came to the gar?~e in the morning his attention was called to the car and he was advised by his brother, who was in his employ, that the car was for sale. As he was on the point of leaving for Detroit he instructed his brother "if he could buy the car and buy it right, to do so." Later in the day the car was purchased by one of his employees for $200. It was taken at once to the repair shop where the tires were taken off and others substituted therefor; the top was replaced by a closed top and the serial and chassis numbers were mutilated. Defendant admitted that he purchased the car but denied that he had any knowledge that it was a stolen car. Whether he had such knowledge was the seriously contested point in the case. The jury found the defendant guilty as charged and the proceedings are now before us for review on writ of error.

1. Error is assigned on the following instruction:

"Now, it is undisputed that the car was taken to the C. H. Lintz garage on the morning of the 29th day of October, 1917, by these two boys—or the morning of the 30th, I should say. Now, if Mr. Lintz—I charge you if Mr. Lintz knew that this car was purchased of two boys that that circumstance itself was sufficient to charge him with knowledge that it was a stolen car—that is, the fact that two boys brought that car there for sale was sufficient to put him on inquiry, if he had such knowledge, and this you must find beyond a reasonable doubt from the evidence in this case."

Counsel argue that to so instruct the jury was error; that guilty knowledge was a question of fact for the jury and that when the court instructed them that this circumstance was sufficient to charge defendant with guilty knowledge, he invaded the province of the jury.

Guilty knowledge under this statute is an essential element, and, when denied, is a question of fact. We, therefore, agree with counsel that it was error to instruct the jury that "this circumstance itself was sufficient to charge him with knowledge that it was a stolen car." The weight to be given to this circumstance was for the jury and it was for them to say whether the circumstance, considered in connection with other testimony, was sufficient to charge defendant with knowledge that the car was a stolen one. *People* v. *Levison,* 16 Cal. 98 (76 Am. Dec. 505) ; 34 Cyc. p. 530, and notes. We do not understand that the prosecutor contends otherwise. His contention is that when this part of the charge is read in connection with other portions of the charge, and particularly the portion immediately following, the erroneous instruction is so modified that the error disappears. The trial court, evidently feeling that he had gone beyond the safety zone, immediately, and in the same connection, said: "that is, the fact that two boys brought that car there for sale was sufficient to put him upon inquiry." This instruction was proper. Roscoe's Criminal Evidence (5th Am. Ed.) p. 876. This was a fact which the jury had a right to consider in determining whether defendant had guilty knowledge. This instruction is unlike those given in the cases cited by counsel. In those cases the instruction went farther and advised the jury as to the sufficiency of certain proofs and the necessary inferences to be drawn therefrom. Being of the opinion that the latter instruction was a proper one the question gets around to this: Did the jury understand that the latter instruction was a substitute for the first, and were they misled by it?

Previous to giving the instructions in question the trial court had instructed the jury very fully with reference to the rights of the defendant and the duty of the people. He had theretofore said to them that:

"It is not enough to show that Lintz purchased the automobile, or that he received and had said automobile in his possession, or that he received and had and aided in the concealment of said automobile. These standing alone do not constitute the criminal offense charged. But the prosecution must show by competent evidence beyond all reasonable doubt, that he (Lintz) knew at the time he purchased said automobile, or received said automobile, or aided in its concealment, that said automobile had been theretofore stolen, and unless the prosecution so shows beyond all reasonable doubt that Lintz knew said automobile had been stolen you must find a verdict of 'not guilty.'  *   *   *

"I charge you that Mr. C. H. Lintz cannot be held criminally responsible for the criminal acts of his employees unless he participated therein or had knowledge thereof. If Mr. C. H. Lintz authorized one of his employees to purchase an automobile and furnished the money for such purpose, and such automobile proved to have been a stolen car, if Mr. C. H. Lintz did not know that such car was a stolen car then he would not be liable criminally.  *   *   *

"I charge you that in this case that even if you become satisfied by the evidence that the serial numbers on the stolen car in question in this case were changed, and also find that they were even changed by the respondent or at his direction, your verdict, under the law, would still have to be that of not guilty, unless you also were able to find from the evidence, that this car in question was a stolen car and that the defendant knew that it was a stolen car."

From these instructions we think the jury must have understood what defendant's rights were and what they must find before they could convict him, and, therefore, must have been in a position not only to see but to understand the force of the correction which the court made of the erroneous instruction. We, therefore, conclude that the jury were not misled by it.

2. Complaint is made because defendant was not permitted to answer the following questions:

"*Q*. Mr. Lintz, what kind of schooling or education did you have? Have you ever had any training in bookkeeping?"

Counsel say that one's schooling and educational training is frequently a big aid in shielding one against the tricks and artifices of designing crooks and criminals. After defendant had been before the jury as a witness and been subjected to a long examination by both counsel, these questions do not appear to have been very important. When opposing counsel have finished with an important witness the jury usually have some well-defined idea of his mental attainments. We think no error would have been committed either in admitting or rejecting the answers. They belong to a class of inquiries which are ordinarily within the discretion of the trial court.

Another error is assigned on the charge and is argued, but we think it will be unnecessary to consider it inasmuch as the prosecutor has called attention to an omission in defendant's quotation of it.

Finding no prejudicial error in the record the judgment of conviction must be affirmed.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.