PEOPLE v CLARK

Docket No. 90625. Submitted September 3, 1986, at Detroit. Decided September 16, 1986.

Defendant, Duwayne K. Clark, was charged with receiving and concealing stolen property over $100 in value. However, following a preliminary examination, he was bound over for trial in the Oakland Circuit Court on one count of unlawfully driving away an automobile. The circuit court, Robert C. Anderson, J., subsequently granted the prosecution's motion to amend the information to charge defendant with the original count of receiving and concealing stolen property. Defendant pleaded guilty to the amended charge and an habitual offender, third offense charge, and was eventually sentenced to a prison term of four to ten years. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's claim that he did not receive notice of the supplemental habitual offender charge until the date of his guilty plea hearing was not supported by the record.

2. Defendant was not prejudiced by the circuit court's amendment of the information reinstating the original charge of receiving and concealing stolen property.

3. The circuit court correctly concluded that the evidence at the preliminary examination sufficiently demonstrated that defendant knew that the automobile had been stolen.

4. A factual basis for defendant's plea of guilty on the habitual offender charge was sufficiently established at the plea hearing.

5. The circuit court did not have to inform defendant at the plea hearing that by pleading guilty he was waiving his right to a speedy trial.

Affirmed.

1. Criminal Law — Informations — Amendment of Information.

A defendant is not prejudiced by an amendment to the informa-

References

Am Jur 2d, Criminal Law §§ 443 *et seq.;* 849 *et seq.*

Am Jur 2d, Larceny §§ 78 *et seq.*

See the annotations in the Index to Annotations under Criminal Law; Receiving and Transporting Stolen Property.

tion to cure a defect in the offense charged when the original information was sufficient to inform the defendant and the court of the nature of the charge.

2. CRIMINAL LAW — RECEIVING AND CONCEALING STOLEN PROPERTY.

Guilty knowledge, in a prosecution for receiving and concealing stolen property, is a question for the finder of fact; knowledge that property is stolen can be shown by direct or circumstantial evidence.

3. CRIMINAL LAW — GUILTY PLEAS — WAIVER — SPEEDY TRIAL.

The right to a speedy trial is not one of the rights which a court must advise a defendant that he is waiving by his plea of guilty.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Robert F. Davisson,* Assistant Prosecuting Attorney, for the people.

*John D. Lazar,* for defendant.

Before: R. M. MAHER, P.J., and HOOD and GRIBBS, JJ.

PER CURIAM. Defendant pled guilty to one count of receiving and concealing stolen property over the value of $100, MCL 750.535; MSA 28.803, and to a charge of habitual offender, third offense, MCL 769.11; MSA 28.1083. Defendant was sentenced to a three- to five-year term for the principal charge of receiving and concealing stolen property over the value of $100; that sentence was vacated and he was sentenced to a term of four to ten years on the habitual offender, third offense conviction. Defendant appeals as of right. We affirm.

Defendant first contends that he was not properly arraigned or given notice of the habitual offender information. We disagree. Defendant ap-

parently concedes that the habitual offender information was timely filed on December 21, 1984. Defendant's claim that he never received notice of the habitual offender charge is not supported by the record.

On March 4, 1985, when the people's motion to amend the information was argued, defendant's attorney indicated that his client had "been arraigned on a habitual offender, fourth offense." Defendant pled guilty on June 4, 1985. He agreed to plead guilty to receiving and concealing and habitual offender, third offense, and the people agreed to dismiss the charge of habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Thus, defendant's assertion that he did not know about the habitual offender charge until the day he pled guilty is not supported by the record. The Supreme Court has rejected the notion that a defendant who has actual personal notice of the filing of the supplemental information well in advance of pleading guilty can claim error. See *People v Terry*, 424 Mich 865, 866; 380 NW2d 762 (1985).

Defendant next contends that the trial court committed error by allowing the people to amend the information to charge a crime different from the one upon which defendant was bound over for trial by the examining magistrate. Initially, defendant was charged with receiving and concealing stolen property over the value of $100, MCL 750.535; MSA 28.803. At the conclusion of the preliminary examination, the district judge amended the complaint to charge defendant with unlawfully driving away an automobile, MCL 750.413; MSA 28.645, concluding that the people had not shown that defendant knew that the car was stolen. After the bind-over, the circuit court granted the people's motion to amend the information to charge defendant with the original offense

of receiving and concealing stolen property over $100. The circuit court concluded that the district court had erred, because defendant's guilty knowledge had been sufficiently established at the preliminary examination.

Amendments to the information are permitted by statute, MCL 767.76; MSA 28.1016. We note that the amendment did not add a new offense, nor did it deprive defendant of a preliminary examination. The amendment reinstated the original charge against defendant that was the subject matter of the preliminary examination. "A defendant is not prejudiced by an amendment to the information to cure a defect in the offense charged where the original information was sufficient to inform the defendant and the court of the nature of the charge." *People v Mahone,* 97 Mich App 192, 195; 293 NW2d 618 (1980).

In a prosecution for receiving and concealing stolen property, guilty knowledge is a question for the finder of fact. Knowledge that property is stolen can be shown by direct or circumstantial evidence. See *People v Lintz,* 203 Mich 683, 686; 169 NW 918 (1918); *People v Westerfield,* 71 Mich App 618, 621; 248 NW2d 641(1976). In this case, defendant attempted to flee from the police and the automobile had a broken window and smashed steering column. The circuit judge correctly concluded that these facts, which were established during the preliminary examination, demonstrated defendant's guilty knowledge. The circuit court did not err in granting the people's motion.

Defendant next contends that the trial court committed error requiring reversal by failing to establish a factual basis for a plea to the habitual offender information. Specifically, he asserts that the court failed to establish that defendant com-

mitted two prior felonies. The record establishes that this argument is not supported by the facts.

During the plea hearing, the following colloquy took place:

> *The Court:* And also, you're pleading guilty to the habitual third which would indicate you're admitting to being convicted or found guilty of at least two other, pled to at least two other *felonies.* Is that right?
>
> *Mr. Clark:* Yes, sir.
>
> *The Court:* Would you tell me when and where that took place?
>
> *Mr. Clark:* Receiving and concealing stolen property in 1975; receiving and concealing stolen property in 1983.
>
> *The Court:* What Court, sir?
>
> *Mr. Clark:* Recorder's Court.
>
> *The Court:* Both of them in Recorder's?
>
> *Mr. Clark:* One was Oakland County.
>
> *The Court:* All right. [Emphasis supplied.]

Defendant's argument that his plea to habitual offender was not supported by an adequate factual basis is without merit.

Finally, defendant contends that the trial court erred in failing to inform him of his right to a speedy trial prior to accepting his plea of guilty. We disagree. This issue was decided by this Court contrary to defendant's contention in *People v Lee,* 67 Mich App 755; 242 NW2d 518 (1976). In *Lee,* this Court held that the Supreme Court, by case law and by past and present court rules, has explicitly set forth those rights which the court must tell the defendant he is waiving by pleading guilty. "The right to a speedy, public trial is not among them." 67 Mich App 756.

Affirmed.