PEOPLE v GOECKE

Docket No. 177417. Submitted January 4, 1996, at Detroit. Decided
February 27, 1996, at 9:25 A.M. Leave to appeal sought.

Jason A. Goecke was charged in the 50th District Court with
second-degree murder and operating a motor vehicle while
under the influence of liquor and thereby causing the death of
another. The court, Leo Bowman, J., bound the defendant over
to the Oakland Circuit Court for trial on OUIL causing death.
On motion by the prosecution, the circuit court, Hilda R. Gage,
J., amended the information to reinstate the second-degree
murder charge. The defendant appealed to the Court of Appeals by leave granted.

The Court of Appeals *held*:

1. A circuit court lacks jurisdiction to review a district court's
bindover decision where, as here, a timely appeal as of right or
an application for leave to appeal has not been filed in the
circuit court.

2. Causing the death of another while operating a motor
vehicle in an intoxicated state, by itself and without other
aggravating circumstances, does not establish that a defendant
acted with malice sufficient to support a charge of second-degree murder. The district court in this case did not abuse its
discretion in refusing to bind over the defendant for trial on
the charge of second-degree murder, given its finding that
aggravating circumstances indicating malice was lacking.

Reversed and remanded for trial on the charge of OUIL
causing death.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — BINDOVERS —
APPEAL.

A circuit court lacks jurisdiction to review a district court's
bindover decision where a timely appeal as of right or an
application for leave to appeal has not been filed in the circuit
court (MCL 600.8342; MSA 27A.8342; MCR 7.102[A], 7.103[A]
[2]).

REFERENCES
Am Jur 2d, Criminal Law §§ 155, 418.
See ALR Index under Homicide.

2. HOMICIDE — SECOND-DEGREE MURDER — OPERATING A MOTOR
   VEHICLE WHILE UNDER THE INFLUENCE OF LIQUOR.
   Causing the death of another while operating a motor vehicle in
   an intoxicated state, by itself and without other aggravating
   circumstances, does not establish that a defendant acted with
   malice sufficient to support a charge of second-degree murder
   (MCL 750.317; MSA 28.549).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Divison, and *Marilyn J. Day,* Assistant Prosecuting Attorney, for the people.

*Mark G. Butler,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and MCDONALD and J. B. SULLIVAN,* JJ.

PER CURIAM. After defendant was involved in a fatal automobile accident while allegedly intoxicated, the prosecutor attempted to charge defendant with second-degree murder. MCL 750.317; MSA 28.549. The district court refused to bind defendant over on that charge. The circuit court then granted the prosecution's motion to amend the information and reinstated the second-degree murder charge. We granted leave to appeal. We reverse.

On November 11, 1993, defendant was involved in a serious automobile accident in the City of Pontiac. Defendant was driving a Pontiac Firebird, which collided with an Oldsmobile Cutlass. One person in the Cutlass died in the accident. Several witnesses testified that, after the accident, defendant stated that the accident was his fault and that he was drunk. One witness testified that defendant was driving at a high rate of speed

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

when he passed the witness on the road. The police officer who arrived at the accident scene stated that defendant's speech was slurred and he smelled strongly of alcohol. The officer observed between fifteen and twenty empty beer bottles on the floor of the Firebird. Pursuant to a warrant, a blood sample was taken from defendant at a hospital. Defendant's blood alcohol level was measured at 0.17 percent.

During the preliminary examination, the prosecution argued that sufficient evidence existed to bind defendant over for second-degree murder. The district court refused to bind defendant over on that charge because insufficient evidence existed to establish probable cause that defendant possessed the requisite malice for a second-degree murder charge. The district court did bind defendant over on a charge of operating a motor vehicle while under the influence of intoxicating liquor (OUIL) causing death. MCL 257.625(4); MSA 9.2325(4).

The district court entered an order binding the defendant over to the circuit court on February 1, 1994. On March 10, 1994, the prosecution filed a motion to amend the general information to reinstate the second-degree murder charge. The prosecution never filed an application for leave to appeal. Relying on *People v Clark,* 154 Mich App 772; 397 NW2d 864 (1986), the circuit court ruled that the prosecution could attempt to reinstate the original second-degree murder charge by filing a motion to amend the information. On May 23, 1994, the circuit court reinstated the second-degree murder charge.

Defendant then filed a motion for reconsideration, arguing that *Clark* violated defendant's right to a preliminary examination. After agreeing that *Clark* allowed prosecutors to appeal district court decisions as of right without obeying the time

limits mandated by the court rules, the circuit court held that it was bound by *Clark.* Therefore, the circuit court denied defendant's motion for reconsideration.

Defendant argues that the circuit court had no jurisdiction to reinstate the original charge when the prosecution had never filed an application for leave to appeal. We agree.

The prosecution is entitled to seek review of a district court dismissal order in the circuit court. MCL 600.8342; MSA 27A.8342. A party may appeal a district court decision as of right if the appeal is filed within twenty-one days of the entry of the order or judgment that is being appealed. MCR 7.102(A). If twenty-one days have passed since the entry of the order being appealed, the party must file an application for leave to appeal. MCR 7.103(A)(2).

In *Clark, supra,* the district court amended the complaint to bind the defendant over on an offense lesser than that requested by the prosecution. The prosecution filed a motion in the circuit court to amend the information to charge the defendant with the greater offense. The circuit court granted the prosecution's motion. Our Court determined that, because the amendment neither added a new offense nor deprived the defendant of his right to a preliminary examination, the circuit court could grant the prosecution's motion to amend the information. *Id.* at 774-775.

We have several problems with the reasoning in *Clark.* First, because the prosecution failed to file a timely claim of appeal, the circuit court had no jurisdiction to consider this claim. Therefore, the lack of prejudice to defendant was irrelevant. *Schlega v Detroit Bd of Zoning Appeals,* 147 Mich App 79, 82; 382 NW2d 737 (1985).

The time requirements for filing an appeal are

jurisdictional. If an appeal as of right is not taken within twenty-one days, the circuit court loses jurisdiction to consider the appeal. Although the circuit court would still possess jurisdiction to consider an application for leave to appeal, the parties must file such an application. *Krohn v Saginaw,* 175 Mich App 193, 196-197; 437 NW2d 260 (1988). A circuit court may review the dismissal order of the district court only through an appeal as of right or by leave granted. *People v Flowers,* 191 Mich App 169, 172; 477 NW2d 473 (1991). Because the prosecution failed to use the appropriate appellate process, the circuit court had no jurisdiction to consider the prosecution's claims.

Second, as noted by the circuit court, authorization of appeal by motion to amend would allow the prosecution to circumvent our appellate filing requirements. If a prosecutor could appeal by motion to amend the information, then there would be no need to file an appeal within twenty-one days. MCR 7.102(A). Nor would the prosecution have to file an application for leave to appeal and explain the reasons for its failure to timely appeal.

Third, an appeal by motion to amend the information would change the standard of review required of the circuit court. A district court's decision to bind over a defendant is reviewed for an abuse of discretion. *People v Whipple,* 202 Mich App 428, 431; 509 NW2d 837 (1993). However, a trial court is not required to apply the abuse of discretion standard to a motion to amend the information. MCL 767.76; MSA 28.1016. In this case, the circuit court indicated that it possessed broad discretion to amend the information. The circuit court then determined that, because there was evidence that defendant was driving while drunk at high rates of speed and ignoring traffic

signals, a question of fact existed regarding the malice element of second-degree murder.

We recognize that, by statute, a trial court may, at any time before, during, or after the trial, amend the indictment in respect to any variance with the evidence. MCL 767.76; MSA 28.1016. If we allowed the prosecution to use an amendment of the information as an appeal, we would be permitting prosecutors to ignore our time requirements for filing an appeal and we would be authorizing the circuit court to employ a standard of review other than the abuse of discretion standard to the bindover decisions of the district court. In resolving a conflict between a statute and a court rule, the court rule prevails if it governs practice and procedure. *People v Strong,* 213 Mich App 107; 539 NW2d 736 (1995). Because the proper time and manner to appeal a district court decision are rules of practice and procedure, we repudiate *Clark* and hold that a circuit court may not consider an appeal of the district court's decision not to bind a defendant over on a specific charge when the prosecution moves to amend the information without filing either an appeal as of right or an application for leave to appeal.

Next, defendant argues that, even if the circuit court could have reviewed the district court's decision, the circuit court erred in finding probable cause to charge defendant with second-degree murder. The district court must bind over a defendant if the evidence presented at the preliminary examination establishes that a felony has been committed and there is probable cause to believe that the defendant committed the crime. *Whipple, supra* at 431. Circumstantial evidence and reasonable inferences arising from the evidence are sufficient to support the bindover of the defendant if such evidence establishes probable cause. *Id.* An appel-

late court reviews the district court's decision to bind over a defendant for an abuse of discretion. *Id.*

A death caused by a defendant with malice and without justification or excuse is second-degree murder. *People v Neal,* 201 Mich App 650, 654; 506 NW2d 618 (1993). Defendant does not dispute that he caused the death of another. He does not contend that he possessed a legal justification or excuse. Defendant argues that there exists no evidence of malice that would justify charging him with second-degree murder.

Our Supreme Court has adopted a tripartite definition of malice. In *People v Aaron,* 409 Mich 672; 299 NW2d 304 (1980), the Supreme Court stated that malice is the intent to kill, the intent to do great bodily harm, or the wanton and wilful disregard of the likelihood that the natural tendency of the defendant's behavior is to cause death or great bodily harm. *Id.* at 728. In *People v Dykhouse,* 418 Mich 488; 345 NW2d 150 (1984), the Supreme Court stated that an actor acts with malice if he entertains one of three possible intents: the intent to kill, the intent to inflict great bodily harm, or the intent to create a very high risk of death or great bodily harm with the knowledge that death or great bodily harm is the probable result. *Id.* at 495.

It is the third prong of this test that concerns us in this case. The prosecution urges this Court to find that, when a driver becomes intoxicated and knows that he must drive a motor vehicle, the decision to drive provides sufficient evidence that the defendant acted with malice. Applying the *Dykhouse* definition of malice, we do not find that the sole fact that an intoxicated driver caused the death of another indicates an intent to create a very high risk of death or great bodily harm with

the knowledge that death or great bodily harm would be the probable result. Because an automobile accident could injure the drunken driver as well as others, drunken driving, without any other aggravating circumstances, would not indicate an intent to create a high risk of death.

If we apply the *Aaron* definition of malice, then there is no requirement of intent. An intoxicated driver must only act with the wanton and wilful disregard of the likelihood that the natural tendency of the driver's behavior is to cause death or great bodily harm. *Id.* When a person becomes intoxicated knowing that the person must use an automobile, the person is disregarding the risk that such behavior will cause serious injury. In this case, after the accident, defendant informed several witnesses that he was drunk and should not have been driving. This statement seems to acknowledge defendant's recognition that he wilfully disregarded the fact that the natural tendency of driving while intoxicated would be to cause death or great bodily harm.

Although the *Aaron* and *Dykhouse* definitions of malice could dictate different results, we find that the legislative enactment of the crime of OUIL causing death precludes prosecution for second-degree murder when, without aggravating circumstances, a defendant whose operation of a motor vehicle while intoxicated causes the death of another. The amended version of the OUIL statute states that a person who operates a motor vehicle while under the influence of intoxicating liquor and, by operation of that motor vehicle, causes the death of another person is guilty of a felony punishable by imprisonment for not more than fifteen years. MCL 257.625(4); MSA 9.2325(4).

By enacting this statute, our Legislature was attempting to increase the penalties for causing

the death of another when driving while intoxicated. House Legislative Analysis, HB 4827 and 4828, August 14, 1991. The maximum penalty for second-degree murder is life imprisonment. MCL 750.317; MSA 28.549. Obviously, if every driver who killed another when driving while intoxicated could be prosecuted for second-degree murder, then the law creating an offense for driving while intoxicated and causing death would create a *more lenient* penalty. Therefore, the enactment of the OUIL causing death statute suggests a legislative presumption that an intoxicated driver who causes death, with no aggravating circumstances, does not possess the malice required for second-degree murder.

We do not hold that a defendant who causes the death of another while operating a motor vehicle in an intoxicated condition may never be bound over on a second-degree murder charge. We recognize that our Court has affirmed a second-degree murder conviction when a defendant was driving while intoxicated and killed another person. *People v Miller,* 198 Mich App 494; 499 NW2d 373 (1993). However, in that case, the prosecution introduced evidence that the defendant drove recklessly to punish his girlfriend, who was sitting in the car with him. The defendant had acted in a similar manner on several prior occasions. *Id.* at 496. Other panels of this Court have held that a defendant can possess the requisite malice for second-degree murder by driving an automobile in a reckless manner. In those cases, however, the defendants were driving at high speeds to elude capture by pursuing police officers. *People v Vasquez,* 129 Mich App 691, 694; 341 NW2d 873 (1983); *People v Goodchild,* 68 Mich App 226, 236; 242 NW2d 465 (1976). Causing the death of another while operating a motor vehicle in an intoxi-

cated state does not establish that a defendant acted with malice sufficient to support a charge of second-degree murder. In order for a district court to bind such a defendant over for second-degree murder, there must be aggravating circumstances that indicate malice.

In this case, the district court did not abuse its discretion when it refused to bind defendant over on a second-degree murder charge. In order to find that an abuse of discretion has occurred, the result must be so violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias. *People v Coleman,* 210 Mich App 1, 4; 532 NW2d 885 (1995). The prosecution introduced evidence that defendant was traveling at speeds between sixty and eighty miles per hour and ran one red light. The district court determined that these actions did not constitute probable cause of malice. We do not find that the district court's decision indicated a perversity of will, defiance of judgment, or an exercise of passion or bias.

In summary, we repudiate the holding in *Clark* and hold that the prosecution may not appeal a district court's decision by filing a motion to amend the information rather than appealing as of right or filing an application of leave to appeal. The sole fact that a defendant drives while intoxicated and causes the death of another, without aggravating circumstances, does not establish that the defendant acted with malice sufficient to charge him with second-degree murder.

We reverse and remand this case to the circuit court for a trial on the remaining charges. We do not retain jurisdiction.