**Khori JOHNSON, Petitioner,**

v.

**David SMITH, Respondent.**

No. 01–71810.

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 30, 2002.

Khori Johnson, Ryan Correctional Facility, Detroit, MI, pro se.

William C. Campbell, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent.

*OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY*

BORMAN, District Judge.

## I. *Introduction*

Petitioner Khori Johnson, a state inmate currently incarcerated at the Ryan Correc-tional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court denies the petition.

## II. *Procedural History*

Following a jury trial in Recorder's Court for the City of Detroit, Petitioner was convicted of second-degree murder and two counts of assault with intent to murder. On July 13, 1994, Petitioner was sentenced to twenty to forty years imprisonment for each of the convictions, to be served concurrently.

Petitioner filed a direct appeal in the Michigan Court of Appeals, presenting the following claims:

I. Was defendant Johnson denied his federal and state constitutional right to due process and a fair trial when the trial judge gave an erroneous definition of murder in the second degree which eliminated the essential element of an intent to commit murder?

II. Must defendant's convictions for assault with intent to murder be reversed because the trial court's instruction allowed for conviction on less than an intent to kill?

III. Was defendant deprived of his liberty without due process of law when the trial court gave erroneous or incomplete instructions on the burden of proof, reasonable doubt, the use of out-of-court statements, the defense of mere presence, and by instructing the jury on first degree murder when defendant was only charged with second degree murder?

IV. Was defendant Johnson denied a fair trial when a prosecution witness was allowed over objection to

testify to hearsay from an unidentified person?

V. Is defendant entitled to be resentenced because: (A) the trial judge imposed the sentence on the assumption that he was guilty of first degree murder; (B) the sentence of 20 to 40 years was not proportionate to defendant's role in the offense and as a first offender; and (C) the judge imposed the sentence on the materially false information that defendant had abused his pregnant girlfriend?

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Johnson,* No. 178608, 1996 WL 33362361 (Mich.Ct.App. June 21, 1996).

Petitioner then filed a delayed application for leave to appeal to the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Johnson,* No. 106959, 1997 WL 324095 (Mich. May 30, 1997).

Thereafter, Petitioner filed a motion for relief from judgment in the trial court, presenting the same claims presented on direct review, and the following additional claims:

VI. Defendant was denied the right to a properly instructed jury under state and federal guarantees of due process, when the trial court omitted an essential element of the primary charge of second-degree murder rendering the charge to the jury fundamentally unfair.

VII. The trial court's instructions on second-degree murder impermissibly shifted the burden of proving malice and instead required the defendant to prove its absence in violation of his state and federal right of due process of law.

VIII. Defendant was denied the effective assistance of counsel when both trial and appellate counsel failed to perform to the standard of counsel guaranteed defendant under the state and United States Constitutions.

The trial court denied the motion for relief from judgment. *People v. Johnson,* No. 94–000493 (Wayne County Circuit Court Dec. 15, 1998). Petitioner then filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court, both of which denied leave to appeal. *People v. Johnson,* No. 224087 (Mich.Ct.App. June 9, 2000); *People v. Johnson,* No. 117172, 2001 WL 96737 (Mich. Jan. 30, 2001).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

I. Petitioner Johnson was denied his federal and state constitutional right to due process and a fair trial when the trial judge's erroneous instruction on murder in the second-degree essentially eliminated the element of an intent to commit murder which was tantamount to directing a verdict on the charged offense.

II. Petitioner was denied the right to a properly instructed jury under state and federal guarantees of due process. When the trial court omitted an essential element of the primary charge of second-degree murder rendering the charge to the jury fundamentally unfair.

III. The trial court's instructions on second-degree murder impermissibly shifted the burden of proving malice and instead required the Petitioner to prove its absence in violation of his state and federal right to due process of law.

IV. Petitioner's convictions for assault with intent to murder must be reversed because the trial court's in-

struction allowed for conviction on less than an intent to kill.

V. Petitioner was deprived of his right to a trial before an unbiased tribunal when the trial court gave erroneous or incomplete instructions on the burden of proof, reasonable doubt, the use of out-of-court statements, the defense of mere presence, and by instructing the jury on first-degree murder when Petitioner was only charged with second-degree murder.

VI. Petitioner Johnson was denied a fair trial when a prosecution witness was allowed over objection to testify to hearsay from an unidentified person.

VII. Petitioner is entitled to be resentenced because: (A) the trial judge imposed the sentence on the assumption that he was guilty of first-degree murder; (B) the sentence of 20 to 40 years was not proportionate to Petitioner's role in the offense and as a first offender; and (C) the judge imposed the sentence based on the materially false information that Petitioner had abused his pregnant girlfriend.

VIII. Petitioner was denied the effective assistance of counsel when both trial and appellate counsel failed to perform to the standard of counsel guaranteed Petitioner under the state [and] United States Constitutions.

## III. *Facts*

Petitioner's conviction arises out of the shooting death of Christopher Glass on December 27, 1993. The Michigan Court of Appeals, on direct appeal, set forth the circumstances leading to the shooting as follows:

On or about December 25, 1993, defendant Johnson was approached by Tyrone Edmond, Antoine Edmond, and Shaunte Dobbs regarding his treatment of their sister, Tambra Edmond, who was defendant Johnson's girlfriend. The three Edmond siblings were accompanied by the decedent, Christopher Glass, who was a friend of the family. On the night of December 26 or the early morning of December 27, 1993, defendant Johnson arrived at the home where the Edmond siblings, their mother Betty Gray and her husband Aulton Gray resided. Accompanying defendant Johnson was defendant Bunnell [who was tried separately, but whose case was consolidated with Petitioner's for purposes of appeal], DuJuan Turner, and two other individuals. One of the individuals accompanying defendants knocked on the door and asked for Tyrone Edmond and Shaunte Dobbs. After Aulton Gray stated that Tyrone Edmond and Shaunte Dobbs were not home, bullets were fired at the house. Members of the household testified that they witnessed defendants shooting at the house, but defendant Johnson testified that DuJuan Tuner was solely responsible for the gunfire. Defendant Johnson claimed to have no previous knowledge that Turner was carrying a weapon. Christopher Glass, who was visiting the Gray house, was fatally wounded by two of the bullets fired at the house during the incident.

*People v. Johnson*, 1996 WL 33362361 at *1.

## IV. *Analysis*

### A. *Standard of Review*

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 ("AEDPA") altered the standard of review federal courts must apply when reviewing applications for a

writ of habeas corpus. The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also Cremeans v. Chapleau,* 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.,* 120 S.Ct. at 1521. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .

[A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established fed-

---

1. 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

eral law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.,* 120 S.Ct. at 1521–22.

With this standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

## B. *Jury Instruction Claims*

Petitioner presents numerous claims of jury instruction errors. He claims that the second-degree murder instruction erroneously eliminated the element of intent and that the instructions on second-degree murder shifted the burden of proof with respect to intent. Petitioner also claims that the trial court failed to instruct the jury that it could not convict him of assault with intent to kill unless it found an actual intent to kill. In addition, Petitioner claims that his right to a fair trial was violated because the trial court gave erroneous or incomplete instructions on the burden of proof, reasonable doubt, the use of out-of-court statements, the defense of mere presence, and that the trial court incorrectly instructed the jury on first-degree murder, when Petitioner had not been charged with that offense. Respondent argues that these claims are barred from federal habeas corpus review because they are procedurally defaulted.

■ The doctrine of procedural default provides:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir.1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust,* 17 F.3d at 162; *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States,* 975 F.2d 1207, 1213–14 (6th Cir.1992), *cert. denied,* 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson,* 94 F.3d at 202.

■■ If the last state court from which the petitioner sought review affirmed the conviction both on the merits, and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust,* 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

With respect to Petitioner's first, second, and third claims, that the trial court improperly instructed the jury on the elements of second-degree murder, the last state court to address these claims, the Michigan Court of Appeals, held, in pertinent part:

> Defendant Johnson argues that the trial court erroneously instructed the jury on two occasions regarding the malice element of second-degree murder. We find defendant is not entitled to any relief regarding this issue. In order for a perpetrator to be convicted of second-degree murder, malice must be shown.... Defendant complains about the trial court's instruction regarding the third type of intent, which requires an "*intent* to create a very high risk of death or great bodily harm with the *knowledge* that death or great bodily harm will probably result," *People v. Flowers,* 191 Mich.App. 169, 176, 477 N.W.2d 473 (1991), or "the wanton and willful disregard of the likelihood that the natural tendency of defendant's behavior is to cause death or great bodily harm." *People v. Goecke,* 215 Mich.App. 623, 629–630, 547 N.W.2d 338 (1996).

> . . .

> The initial instructions given by the trial court omitted the "with a wanton and willful disregard of the likelihood that" language. The instruction given in response to the jury's question was entirely proper....

> [W]e find that the initial instructions, while imperfect, did not produce a manifest injustice. Defendant did not specifically object to the court's initial instructions, and therefore, even if we assume the jury ignored the correct charge and followed the initial imperfect charge, we reverse only for manifest injustice. *People v. Van Dorsten,* 441 Mich. 540, 544–45, 494 N.W.2d 737 (1993) [ (holding a defendant's failure to object to jury instructions waives review of the instructions on appeal absent manifest injustice) ].... [M]anifest injustice did not occur because, under the facts presented at trial, no reasonable juror could have concluded that defendant committed a dangerous act whose natural tendency was to cause death or great bodily harm that was not done with a wanton and willful disregard of the likelihood that the natural tendency of the act would be to cause death or great bodily harm....

*People v. Johnson,* 1996 WL 33362361 at *2–*3.

In his fifth claim for habeas corpus relief, Petitioner argues that the trial court gave erroneous or incomplete instructions on the burden of proof, reasonable doubt, the use of out-of-court statements, the defense of mere presence, and by instructing the jury on first-degree murder when Petitioner was only charged with second-degree murder. The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held that because "[f]ailure to object to a jury instruction as given waives the issue for appellate review," and Petitioner did not

show manifest injustice, the claim was not preserved for appellate review. *People v. Johnson,* 1996 WL 33362361 at *3.

Thus, because the Michigan Court of Appeals held that Petitioner failed to preserve his claims regarding jury instructions for appellate review, his first, second, third and fifth claims are barred by procedural default unless he can establish cause and prejudice to excuse his procedural default.

Petitioner asserts ineffective assistance of trial counsel as cause to excuse the procedural default of his jury instruction claims.

The Supreme Court has held that "cause" under the cause and prejudice standard must be "something external to the petitioner, something that cannot fairly be attributable to him." *Coleman,* 501 U.S. at 753, 111 S.Ct. 2546. The Court further held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.... Attorney error that constitutes ineffective assistance of counsel is cause, however." *Id.* at 753–54, 111 S.Ct. 2546 (internal citations omitted).

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687, 104 S.Ct. 2052. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The Supreme Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.... A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689, 104 S.Ct. 2052 (internal citations omitted).

The Court further explained that, to establish deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. The Sixth Circuit, applying the *Strickland* standard, has held that a reviewing court

therefore must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy,* 99 F.3d 1302, 1311 (6th Cir.1996), *cert. denied* 520 U.S. 1257, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997).

■ Petitioner claims that his trial attorney was ineffective for failing to object to these instructions at trial. This claim is, itself, procedurally defaulted. Petitioner presented this claim for the first time on collateral review in state court. The last state court to address Petitioner's claim that his trial attorney was ineffective in failing to object to the jury instructions, the Michigan Supreme Court, held that Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Johnson,* No. 117172, 2001 WL 96737 (Mich. Jan. 30, 2001). The Sixth Circuit Court of Appeals has held that M.C.R. 6.508(D) is a firmly established and regularly followed state ground precluding subsequent federal habeas review absent a showing of cause and prejudice where the rule was in effect at the time of a petitioner's direct appeal. *Luberda v. Trippett,* 211 F.3d 1004, 1007 (6th Cir.2000), *citing Rogers v. Howes,* 144 F.3d 990 (6th Cir.1998). M.C.R. 6.508(D) was enacted in October 1989. Petitioner was convicted in 1994. Thus, M.C.R. 6.508(D) was a firmly established procedural rule at the time of Petitioner's direct appeal.

The Sixth Circuit Court of Appeals has also held that even a judgment as brief as the one by which the Michigan Supreme Court denied leave to appeal in this case is sufficient to invoke the doctrine of procedural default. *Simpson v. Jones,* 238 F.3d 399, 408 (6th Cir.2000). Thus, the doctrine of procedural default is invoked with respect to Petitioner's ineffective assistance of trial counsel claims.

Petitioner asserts ineffective assistance of appellate counsel as "cause" to excuse his procedural default of the ineffective assistance of trial counsel claims. Petitioner claims that his appellate attorney was ineffective for failing to raise the issues raised herein on direct appeal in state court. The Supreme Court has held that a petitioner does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). The Court further stated:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 754, 103 S.Ct. 3308. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.1990).

■ The Court will examine Petitioner's defaulted ineffective assistance of trial counsel claims, pursuant to the *Strickland* standard, to determine whether appellate counsel was ineffective in failing to raise these claims. The Michigan Court of Appeals, although finding Petitioner's first, second, third, and fifth jury instruction claims were not properly preserved for review, proceeded to address the merits of these claims. The Michigan Court of Appeals held that all but one of Petitioner's claims regarding jury instructions lacked merit. Petitioner has not shown this conclusion to be contrary to or an unreasonable application of Supreme Court precedent. Thus, trial counsel was not ineffective in failing to object to proper jury instructions.

With respect to the claim that the initial jury instructions omitted the "with a wanton and willful disregard of the likelihood that" language, the Michigan Court of Appeals held that, while these initial instructions were imperfect, they did not deprive Petitioner a fair trial. Thus, even if trial counsel erred in not objecting to this instruction, Petitioner has failed to show that he suffered any prejudice as a result.

■ Because Petitioner has failed to show that trial counsel was ineffective in failing to object to the jury instructions, the Court finds that appellate counsel was not ineffective in failing to present these claims on appeal. Petitioner, thus, has not established cause to excuse his procedural default. Petitioner's claims are therefore barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Schlup*, 513 U.S. at 321, 115 S.Ct. 851. Thus, petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*

Petitioner has not supported his allegations of constitutional error with new reliable evidence that was not presented to the trial court. Accordingly, Petitioner's first, second, third, and fifth claims regarding jury instructions are procedurally barred.

In his fourth claim for habeas corpus relief, Petitioner claims that the trial court incorrectly instructed the jury that Petitioner could be convicted on less than an intent to kill. The last state court to address this claim, the Michigan Court of Appeals, addressed the merits of the claim without invoking any procedural rule. Thus, contrary to Respondent's argument, this claim is not procedurally defaulted.

■ An erroneous jury instruction warrants habeas corpus relief only where the instruction " 'so infected the entire trial that the resulting conviction violates due process.' " *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) *(quoting Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned', but that it violated some [constitutional] right' ". *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Further, "[i]t is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) *(quoting Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)).

■ The Michigan Court of Appeals held that the trial court properly instructed the jury with regard to assault with intent to murder. *People v. Johnson*, 1996 WL 33362361 at *4. Petitioner argues that the trial court did not properly instruct the jury that an essential element of assault with intent to murder was that the defendant acted with the specific intent to commit murder. The trial transcript belies Petitioner's claim. In the relevant jury instruction, the trial judge clearly stated that, for a finding of guilt on the charge of assault with intent to murder, the jury had to find that the defendant had the "specific intent to kill the other person." Tr., 7/1/94, p. 18. Thus, Petitioner has not

shown that the trial court's decision that the jury instruction regarding intent was proper was contrary to or an unreasonable application of Supreme Court precedent, or that it "so infected the entire trial that the resulting conviction violate[d] due process." *Estelle*, 502 U.S. at 72, 112 S.Ct. 475. Accordingly, he is not entitled to relief with respect to this claim.

## C. Alleged Ineffective Assistance of Counsel

■ Petitioner next claims that he is entitled to habeas corpus review because he received ineffective assistance of trial and appellate counsel. Petitioner's claims that trial counsel was ineffective for failing to object to certain jury instructions are addressed *supra*. Petitioner also claims that trial counsel was ineffective for failing to object to inaccurate information and false assumptions relied upon by the sentencing court in imposing sentence. On direct appeal, Petitioner claimed that the trial court based the sentence on materially false information and false assumptions. The Michigan Court of Appeals held that the trial court did not base the sentence on improper factors or inaccurate information. *People v. Johnson*, 1996 WL 33362361 at *4. Petitioner has failed to provide any evidence to show that the state court's conclusion was clearly erroneous or that it was contrary to or an unreasonable application of Supreme Court law. Thus, Petitioner's attorney was not ineffective in failing to object to a sentence that was properly imposed.

■ Petitioner also claims that his appellate attorney was ineffective for failing to present claims of ineffective assistance of trial counsel on direct appeal, and for failing to "raise other meritorious issues or frame issues which carried a presumption of prejudice not requiring a contemporaneous objection to preserve for appellate review." Brief in support of petition

at p. 43. As discussed *supra*, Petitioner failed to establish that his trial attorney was ineffective. Consequently, his appellate attorney was not ineffective for failing to present these claims of ineffective assistance of trial counsel on appeal. Petitioner's remaining claims of ineffective assistance of appellate counsel are encompassed in his vague, conclusory allegation that appellate counsel failed to raise other meritorious issues. Such conclusory allegations, without more, are insufficient to establish ineffective assistance of counsel. *See Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir.1985).

Accordingly, Petitioner is not entitled to habeas corpus relief with respect to his claims of ineffective assistance of trial and appellate counsel.

## D. Alleged Improper Admission of Hearsay Testimony

■ Petitioner next claims that he was denied a fair trial because the trial court improperly admitted hearsay testimony from prosecution witness, Aulton Gray. Mr. Gray testified that, during the shooting, he heard an unidentified person say, "How you like that? Oh, take that ... we got you now. How you feel about this."

The Michigan Court of Appeals held that this claim was not preserved for appellate review because Petitioner's attorney failed to object to admission of the testimony at trial. Thus, the claim is procedurally defaulted and barred from habeas review unless Petitioner can establish cause and prejudice to excuse this default. Petitioner asserts that his trial attorney's ineffectiveness constitutes cause, and that he was prejudiced by this error.

Although finding that the claim was not preserved for review, the Michigan Court of Appeals held that the majority of Aulton Gray's testimony did not contain assertions offered to establish the truth of the mat-

ters asserted. *People v. Johnson*, 1996 WL 33362361 at *4. Further, even assuming that some statements were improperly admitted, the Michigan Court of Appeals held no prejudice resulted. *Id.* Thus, Petitioner has failed to show that his attorney was ineffective for failing to object to this testimony. Moreover, even assuming his attorney should have objected, Petitioner has failed to show that he was prejudiced by this error.

Accordingly, Petitioner is not entitled to habeas corpus relief with respect to this claim.

### E. *Sentencing Claims*

Finally, Petitioner claims that he is entitled to be resentenced because the trial judge sentenced him as if he had been convicted of first-degree rather than second-degree murder, his sentence is disproportionate, and the trial judge relied upon materially false information in deciding Petitioner's sentence.

■ Petitioner argues that he has been denied his constitutional right to due process because his sentence was based upon inaccurate information. A sentence violates due process when "it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct." *Draughn v. Jabe*, 803 F.Supp. 70, 80 (E.D.Mich.1992), *aff'd*, 989 F.2d 499, 1993 WL 76226 (6th Cir.1993), *citing Townsend v. Burke*, 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988).

■ On direct appeal, the Michigan Court of Appeals held that the sentence was not based upon inaccurate or improper information. Petitioner has failed to present any evidence calling into the question the state court's conclusion in this regard. Therefore, he has failed to show that the state court relied upon materially false information in determining his sentence.

■ There exists no constitutional right to strict proportionality in sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). However, the Eighth Amendment prohibits "extreme sentences that are grossly disproportionate to the crime." *Id.* at 995, 111 S.Ct. 2680. The Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment'." *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir.1995); *see also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and ... successful challenges to the proportionality of particular sentences should be exceedingly rare") (internal quotations omitted).

■ Under Michigan law, the maximum sentence for second-degree murder and assault with intent to murder is life imprisonment. Mich. Comp. Laws § § 750.317, 750.83. Therefore, Petitioner was sentenced in accordance with the statutory maximum. Accordingly, given the nature of the offense and the fact that the petitioner was sentenced within the state sentencing guidelines, this Court finds that the petitioner's sentence does not offend the Eighth Amendment and he is there-

fore not entitled to habeas corpus relief with respect to this claim.

### F. *Certificate of Appealability*

Finally, the Court addresses whether any of Petitioner's claims warrant the issuance of a certificate of appealability. Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R.App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability,* 106 F.3d 1306, 1307 (6th Cir. 1997).

▮▮▮ A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

▮▮▮ With respect to the foregoing claims which the Court denies on the merits, the Court concludes that reasonable jurists would not find the Court's assessment of the constitutional claims to be debatable or wrong. With respect to the foregoing procedurally defaulted claims,

the Court concludes that reasonable jurists would not find the finding of procedural default to be debatable or wrong.

Accordingly, the Court holds that Petitioner is not entitled to a certificate of appealability with respect to any of his claims.

### V. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**