Garcia H. SIMPSON, Petitioner–Appellee,

v.

Emitt L. SPARKMAN, Respondent–Appellant.

No. 95–6134.

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 8, 1996.

Decided Aug. 23, 1996.

Michael L. Harned, Asst. Attorney General (briefed), Frankfort, KY, for Respondent-Appellant.

John K. West (briefed), McCoy, Baker & West, Lexington, KY, Garcia Simpson, St. Mary, KY, for Petitioner-Appellee.

Before: KENNEDY, WELLFORD, and SILER, Circuit Judges;

KENNEDY, Circuit Judge.

This appeal challenges a District Court order granting petitioner Garcia Simpson a writ of habeas corpus. Appellant argues that the District Court erroneously disregarded petitioner's procedural default of his due process claim when it granted the writ. For the following reasons, we **REVERSE.**

## I. Facts

On March 28, 1991, a Kentucky jury convicted petitioner of one count of trafficking in cocaine and of being a persistent felony offender ("PFO") in the first degree. Petitioner's PFO conviction was based on not only this 1991 conviction, but also two prior convictions: (1) a 1980 felony conviction for trafficking in a controlled substance; and (2) a 1988 felony conviction for possession of a controlled substance. With regard to the 1980 felony conviction, the prosecution established that Simpson committed the offense on December 18, 1979, and that he was convicted of the offense on August 6, 1980. With regard to the 1988 felony conviction, the prosecution established that Simpson had been convicted of the offense on July 18, 1988, but failed to establish the date on which he committed the offense. Further, the prosecution established that defendant was born on April 5, 1958.

■ To be guilty of PFO status in the first degree, a defendant must have been convicted of two prior felonies after he was eighteen years of age. KY.REV.STAT. § 532.080. The prosecution has the burden of proving by direct evidence that the defendant was eighteen years of age when he committed the offenses that support the PFO charge. *Hon v. Commonwealth,* 670 S.W.2d 851, 853 (Ky. 1984). Notwithstanding the prosecution's failure to elicit evidence of the date of the offense that resulted in the 1988 conviction to establish that petitioner was eighteen years old when he engaged in that conduct, petitioner did not move for a directed verdict at the close of the prosecution's case or a judgment notwithstanding the verdict after the jury returned a guilty verdict. Petitioner's PFO conviction increased his seven year sentence on the drug trafficking charge to ten years.

Petitioner appealed his drug trafficking conviction, claiming that the trial court improperly admitted certain evidence in violation of his Fourth and Fourteenth Amendment rights. Only to the extent that petitioner challenged this most recent drug trafficking conviction did he challenge the sufficiency of the evidence to support his PFO conviction; on direct appeal, he did not contend that the government adduced insufficient proof of either prior drug trafficking conviction that supported his PFO conviction. The Kentucky Court of Appeals affirmed petitioner's convictions.

Petitioner then filed a pro se motion for post-conviction relief pursuant to Kentucky Rule of Criminal Procedure 11.42, claiming that his attorney's failure to move for a directed verdict of acquittal at the close of the prosecution's case on the basis that there was insufficient evidence to support his PFO conviction rendered his counsel ineffective. Characterizing his claim as an ineffective assistance of counsel claim, the court denied Simpson's motion to vacate his PFO conviction.

Petitioner appealed the denial of his motion, contending not only that his counsel's failure to object to the sufficiency of the evidence to support his PFO conviction rendered his counsel ineffective, but also that his PFO conviction violated his due process rights since it was obtained without proof of the date he committed the offense that was the subject of the 1988 conviction and, therefore, without proof that he was eighteen years old at that time. This was the first time that petitioner claimed a due process grounds for relief.

The Kentucky Court of Appeals affirmed the court's denial of Simpson's motion for post-conviction relief. That opinion addressed only Simpson's ineffective assistance of counsel claim; it did not address his due process claim. The court of appeals, without opinion, subsequently denied petitioner's petition for rehearing.

Simpson then filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. § 2254. In that petition, Simpson continued to assert his claim that his PFO conviction was obtained in violation of his due process rights and his right to effective assistance of counsel. The government opposed the petition arguing that because petitioner failed to present his due process claim to the state courts and because the state courts failed to review that claim,

he was procedurally barred from raising that claim in federal court.

Despite the government's objection, the District Court found that petitioner clearly asserted his due process argument to the Kentucky appellate courts and that the state courts had a fair opportunity to consider the merits of the claim. Therefore, the District Court concluded that the issue had not been procedurally defaulted and was properly presented to the federal court for review. Addressing the merits of petitioner's due process claim, the District Court found that the prosecution failed to establish that Simpson was eighteen years of age at the time he committed the crime resulting in the 1988 conviction and, accordingly, granted the writ of habeas corpus. Respondent appeals from that order.

## II. Discussion

■ Respondent contends that the District Court erred when it reviewed petitioner's due process claim, arguing that because petitioner never properly presented that claim to the Kentucky courts on his direct appeal, it was procedurally barred from review on federal habeas. Under Kentucky law, a party's failure to request a directed verdict in his favor at the close of all the evidence waives the party's right to challenge the sufficiency of the evidence on appeal and in state post-conviction proceedings. *Anastasi v. Commonwealth*, 754 S.W.2d 860, 862 (Ky.1988); *Commonwealth v. Blair*, 592 S.W.2d 132, 133 (Ky.1979), *cert. denied*, 449 U.S. 962, 101 S.Ct. 377, 66 L.Ed.2d 230 (1980); *Williams v. Commonwealth*, 639 S.W.2d 788, 790 (Ky.Ct.App.1982). Because petitioner failed to move for a directed verdict on the PFO count, respondent claims that petitioner has procedurally defaulted his challenge to the sufficiency of the evidence to support that count.

■ The Supreme Court has held that

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of

the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991). When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state grounds only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar. *Id.* at 739, 111 S.Ct. at 2559; *Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043–44, 103 L.Ed.2d 308 (1989). On the other hand, when it does not fairly appear that the state court rested its decision on federal grounds or its decision was interwoven with federal law, the presumption that the decision does not rest on independent and adequate state grounds does not apply. *Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559.

In this case, the Kentucky Court of Appeals denied petitioner post-conviction relief without addressing the merits of petitioner's due process claim or disposing of it on procedural grounds. Therefore, there exists no basis on which to determine whether the Kentucky Court of Appeals considered the federal question presented by petitioner's challenge to the sufficiency of the evidence, and consequently, no basis to apply the presumption that the decision does not rest on independent and adequate state grounds, or the presumption of a reviewable federal issue. *See id.* at 740, 111 S.Ct. at 2559–60.

■ Addressing the difficulty of interpreting unexplained state court orders, the Supreme Court has held that "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground." *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991). However, because there are no state court decisions rejecting petitioner's due process claim, this presumption is also unavailable.

Thus, we are left to our own devices in interpreting the Kentucky Court of Appeals' denial of petitioner's request for a writ of habeas corpus. Even though the Kentucky Court of Appeals was silent as to its reasons for denying petitioner a writ of habeas corpus on his due process claim, we will not assume that the court did not observe the applicable procedural bar. Instead, we will assume that had the state court addressed petitioner's due process claim, it would not have ignored its own procedural rules and would have enforced the procedural bar.[1] *See Tower v. Phillips,* 7 F.3d 206, 211 (11th Cir.1993).

Because petitioner failed to move for a directed verdict on the PFO count, we conclude that petitioner's due process claim is procedurally defaulted under Kentucky law.[2] *See Gordon v. Commonwealth,* 916 S.W.2d 176, 180 (Ky.1995). Accordingly, federal ha-

beas review of that claim is barred unless petitioner can demonstrate that cause and prejudice will excuse the procedural default or that failure to consider that claim will result in a fundamental miscarriage of justice. *See Harris,* 489 U.S. at 262, 109 S.Ct. at 1042–43. If defendant was under eighteen when he committed the offense for which he was convicted in 1988, he will have no difficulty establishing prejudice. Therefore, we remand for a determination of whether cause and prejudice will excuse the procedural default, or failure to consider petitioner's due process claim will result in a fundamental miscarriage of justice such that petitioner's procedural default will be excused. On remand, the District Court may also consider whether defendant is entitled to the writ on the basis of his ineffective assistance of counsel claim.

**1.** We note that in *Hunter v. Aispuro,* 982 F.2d 344 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993), the Ninth Circuit concluded that because the unexplained denial of petitioner's habeas petition could not be said to rest on independent and adequate state grounds, federal review of the merits of petitioner's constitutional claims was not barred even though petitioner failed to meet a state procedural requirement. *Id.* at 347–48. The court reasoned that when the California Supreme Court issued its unexplained order in *Hunter* it was aware of a prior case in which the Ninth Circuit, en banc, held that the California Supreme Court's denial of a habeas petition without comment or citation constitutes a decision on the merits of the federal claims, and thus those federal claims would be subject to review in federal habeas proceedings. Therefore, the California Supreme Court understood that absent a reference to a procedural default in *Hunter,* the presumption would be that the court had addressed the merits of the federal claim and that that claim would be subject to federal habeas review. *Id.* at 347–48. This Court, however, has established no such presumption. Accordingly, we decline to interpret the Kentucky Court of Appeal's silence as a decision on the merits of petitioner's due process claim.

**2.** We also question whether petitioner's due process claim states a constitutional violation. Petitioner argues that his due process rights under the Fourteenth Amendment were violated because the prosecution failed to adduce direct evidence that he was over eighteen years old at the time he committed the offenses that resulted in his 1988 conviction.

In *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court

established that the standard to be applied in determining whether the evidence supporting a state conviction is sufficient to satisfy due process is whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319, 99 S.Ct. at 2789 (emphasis in the original). Under Kentucky law, to prove PFO status the prosecution must establish that the defendant was over eighteen years of age at the time he committed the offense that resulted in a felony conviction. KY.REV.STAT. § 532.080(2)(b). Judicial decision, not statute, requires this element of the offense to be proven by direct, not circumstantial, evidence. *See Hon v. Commonwealth,* 670 S.W.2d 851, 853 (Ky.1984). The burden of proof, however, is not an element of the offense. Therefore, even if the prosecution did not establish by direct evidence that petitioner was over eighteen years old when he committed the offense that was the subject of petitioner's 1988 conviction, as long as the record presents evidence from which a rational jury could conclude beyond a reasonable doubt that the petitioner was over eighteen years old when he committed those acts, petitioner's PFO conviction satisfies due process.

From the record evidence, a rational jury could have inferred that when petitioner committed the offense that resulted in the 1988 conviction he was over eighteen years of age. The prosecution established that petitioner was over the age of eighteen when he committed the offense that resulted in his 1980 conviction. A rational juror could have concluded that the events that precipitated his conviction eight years later occurred after the events that resulted in his 1980 conviction and, therefore, that he was also over eighteen years old at that time.

### III. Conclusion

For the reasons stated, we **REVERSE** the decision of the District Court and remand for further proceedings consistent with this opinion.