**David E. HALL, Petitioner–Appellant,**

v.

**James S. HAVILAND, Warden,
Respondent–Appellee.**

No. 01–3008.

United States Court of Appeals,
Sixth Circuit.

March 21, 2002.

Before SILER and GILMAN, Circuit Judges; HEYBURN, District Judge.*

### ORDER

David E. Hall, a pro se Ohio prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit.

---

* The Honorable John G. Heyburn II, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1995, Hall pleaded guilty to possession of criminal tools, drug abuse, and rape. The court sentenced him to concurrent terms of two and one half years on the first two charges, and a consecutive term of eight to twenty-five years of imprisonment on the rape charge. Hall's direct appeal was dismissed as untimely, and his subsequent motions and applications to reopen his appeal were unsuccessful. Hall filed his habeas petition in October 2000, raising four claims. The district court denied the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The court held that Hall procedurally defaulted his claims and that his petition did not suggest cause to excuse his default. By order entered September 10, 2001, this court granted Hall a certificate of appealability on the following question: whether the Ohio Court of Appeals' failure to appoint counsel for Hall after granting his application to reopen his appeal constitutes cause to excuse the procedural default of the claims in Hall's habeas petition. On appeal, Hall moves for an order directing the Ohio Court of Appeals to submit a copy of the certified record of Hall's appeals.

This court reviews de novo a district court's legal conclusions in habeas corpus actions and reviews its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

■ Upon review, we conclude that the district court erred when the court denied Hall's petition summarily pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, a petition shall be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Hall's petition and the available procedural history suggest that Hall may be able to demonstrate cause for his procedural default. Accordingly, we vacate the district court's order and remand the case for further proceedings.

Hall's first attempt at a direct appeal was dismissed as untimely. According to his petition, Hall was appointed appellate counsel but his attorney failed to file a timely notice of appeal. The Ohio Court of Appeals granted Hall's pro se motion for a delayed appeal. Hall's petition indicates that no attorney was appointed to represent him in the reopened appeal. According to Hall's application for a certificate of appealability, he moved for the appointment of counsel but the motion was either denied or never ruled on. The court of appeals affirmed Hall's convictions and sentences. *State v. Hall*, No. 75386, 1999 WL 1206593, at *1 (Ohio Ct.App. Dec. 16, 1999). Hall filed an application for reopening pursuant to Ohio App. R. 26(B). The Ohio Court of Appeals denied the application. *State v. Hall*, No. 75386, 2000 WL 680463, at *1 (Ohio Ct.App. May 17, 2000). Hall filed a motion for leave to file a delayed appeal in the Ohio Supreme Court. The court denied the motion, *State v. Hall*, 89 Ohio St.3d 1442, 731 N.E.2d 688, No. 00–1078 (Ohio July 12, 2000) (table), and denied Hall's motion for reconsideration. *State v. Hall*, 89 Ohio St.3d 1491, 734 N.E.2d 378, No. 00–1078 (Ohio August 30, 2000) (table).

■ The district court concluded that, although Hall may have raised his habeas claims on direct appeal, he procedurally defaulted the claims because the Ohio Supreme Court denied a delayed appeal. The district court assumed that the Ohio Supreme Court relied on its procedural rule to bar Hall's appeal. *See* Ohio Supreme Court Rule II, Sec. 2(A)(4)(a); *Simpson v. Sparkman*, 94 F.3d 199, 203

(6th Cir.1996). Where a prisoner has defaulted his federal claims pursuant to an independent and adequate state procedural rule, federal habeas review is barred absent a showing of cause and prejudice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

The district court improperly held that Hall's petition suggested no cause for his procedural default. Hall alleged that the Ohio Court of Appeals failed to appoint counsel for him when his appeal was reopened. The Sixth Amendment guarantees a criminal appellant effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey,* 469 U.S. 387, 393–94, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Moreover, this court has held that an Ohio criminal defendant has the right to effective assistance of counsel throughout all phases of a Rule 26(B) application to reopen a direct appeal. *White v. Schotten,* 201 F.3d 743, 752–53 (6th Cir.), *cert. denied,* 531 U.S. 940, 121 S.Ct. 332, 148 L.Ed.2d 267 (2000). Because ineffective assistance of counsel in a Rule 26(B) proceeding can constitute cause to excuse a procedural default, *see id.* at 752, the denial of counsel at this stage can as well. The district court denied the petition before the state court record was filed. Thus, it is impossible to determine whether Hall did in fact request appellate counsel or whether Hall was prejudiced by the procedural default. Because the absence of cause to excuse Hall's procedural default is not plain from the face of his petition, the district court should not have summarily dismissed the petition. *See* Rule 4 of the Rules Governing Section 2254 Cases.

For the foregoing reasons, we vacate the district court's order and remand the case for further proceedings. Rule 34(j)(2)(C),

Rules of the Sixth Circuit. All pending motions are denied.