Terence Anthony **SLACK**, Petitioner,

v.

John **CASON**, Respondent.

No. 01–40324.

United States District Court,
E.D. Michigan,
Southern Division.

April 16, 2003.

728

Terence Slack, Detroit, MI, for Pro se.

Brenda E. Turner, Janet Van Cleve, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for John Cason, Respondent.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

GADOLA, District Judge.

### I. *Introduction*

Petitioner Terence Anthony Slack, a state inmate currently incarcerated at the Mound Correctional Facility in Detroit, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court denies the petition.

### II. *Facts*

Petitioner's conviction arises out of events that occurred on December 12, 1997, at the Star Lincoln–Mercury car dealership in the City of Southfield.

James Malone, a salesperson at the car dealership, testified that, on December 10, 1997, a man and a woman came into the dealership, driving a Lincoln Mark VIII, and asked to test drive a Lincoln Navigator. Mr. Malone asked for a driver's license and was given the woman's. He photocopied the license and allowed them to test drive the car. The man said he

would return to purchase the Navigator with his uncle. Mr. Malone testified that, the following day, the original male customer returned with Petitioner and asked to drive the Navigator again. The two men were in the same Lincoln Mark VIII. Mr. Malone asked for a driver's license. Petitioner gave his driver's license, which Mr. Malone photocopied. The two men test drove the Navigator, and then returned it. The original male customer told Mr. Malone that he would wait for his uncle at a nearby restaurant and then return to purchase the car. He did not return that day.

Mr. Malone testified that the next day, he was assisting another customer who wanted to test drive a Mercury Mountaineer. A porter drove the Mountaineer to the front of the dealership so that the customer could test drive it. Mr. Malone then noticed the Lincoln Mark VIII in the parking lot, being driven by the original male customer. Mr. Malone saw a man, who he identified at trial to be Petitioner, get out of the Mark VIII, jump into the Mountaineer and drive away. Mr. Malone immediately contacted police, and identified Petitioner as the person who took the vehicle. Petitioner was later arrested.

## III. *Procedural History*

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of unlawfully driving away an automobile. On April 23, 1999, he was sentenced as a habitual offender, third offense, to forty months to ten years imprisonment.

Petitioner appealed his conviction to the Michigan Court of Appeals, presenting the following claims:

I. The trial court committed reversible error in allowing the police officer in charge of the case to testify as a witness in rebuttal that he had seen a picture of the defendant in braids where such evidence had not been disclosed in discovery. The admission of this testimony (particularly without the photograph) denied Defendant Slack fundamental due process and a fair trial.

II. The trial court erred in not instructing the jury regarding non-production of evidence (photograph claimed to show defendant in braids).

III. Defendant Slack was denied fundamental due process and a fair trial when the police officer in charge of the case as a witness repeatedly expressed his opinion as to the reliability of the testimony of the prosecutor's only identification witness, vouched for that witness and defendant's guilt. The result in this is a manifest injustice requiring reversal.

IV. Defendant was denied fundamental due process and a fair trial by each individual error noted herein and/or the cumulative effect of such errors.

The Michigan Court of Appeals affirmed Petitioner's conviction. *People v. Slack*, No. 219218, 2001 WL 714812 (Mich.App. March 16, 2001).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claims presented on direct review to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Slack*, 465 Mich. 861, 632 N.W.2d 143 (2001).

Thereafter, Petitioner filed the pending petition for a writ of habeas corpus, presenting the same claims presented on direct review in state court.

## IV. *Analysis*

### A. *Standard of Review*

28 U.S.C. § 2254(d) imposes the following standard of review that a federal

court must utilize when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis,* 144 F.3d 429 (6th Cir.1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) [1]; *see also Cremeans v. Chapleau,* 62 F.3d 167, 169 (6th Cir.1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases....

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1519–20, 146 L.Ed.2d 389 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 1521. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable...
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law.... Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1521–22.

### B. *Exhaustion of State Court Remedies*

Respondent argues that the petition is subject to dismissal because Petitioner

---

**1.** 28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

failed to exhaust his state court remedies with respect to all of his habeas claims because he did not fairly present them as federal constitutional claims in state court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–32, 110 Stat. 1214, applies to all habeas corpus petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA apply to this case. 28 U.S.C. § 2254, as amended by the AEDPA, provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)(i) there is an absence of available State corrective process; or
>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

.    .    .    .    .

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

■■■ Thus, a prisoner challenging his confinement by way of a habeas corpus petition must exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly presenting the substance of each federal constitutional claim in state court. 28 U.S.C. § 2254(b); *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir.1998). The Sixth Circuit Court of Appeals has held that "federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to

the state courts." *McMeans v. Brigano*, 228 F.3d 674, 680 (6th Cir.2000). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir.1987). If a petition contains both exhausted and unexhausted claims, it must be dismissed so that the petitioner can exhaust all claims before seeking federal habeas relief. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994).

■■■ A prisoner fairly presents his claim to the state courts by:

> (1) reliance upon federal cases employing constitutional analysis;
>
> (2) reliance upon state cases employing federal constitutional analysis;
>
> (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or
>
> (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681. "General allegations of the denial of rights to a 'fair trial' and 'due process' do not 'fairly present' claims that specific constitutional rights were violated." *Id.*

■■■ This Court holds that Petitioner fairly presented his claims to the state courts. While Respondent is correct that Petitioner framed his claims primarily as state law issues in his submissions to the Michigan Court of Appeals and Michigan Supreme Court, Petitioner's arguments sufficiently invoked constitutional claims to apprise the state courts of the nature of

his federal claims. Thus, Petitioner has exhausted his habeas claims in state court.

## C. *Police Officer Lawrence Jones's Testimony*

Petitioner claims that he is entitled to habeas corpus relief based upon two errors related to Police Officer Lawrence Jones's testimony. He claims, first, that the trial court erred in allowing rebuttal testimony by Officer Jones regarding a photograph of Petitioner with braided hair where the photograph had not been produced to the defense, and, second, that Detective Jones improperly vouched for the credibility of an identification witness, James Malone.

■ With respect to Petitioner's claim that the trial court erred in allowing Officer Jones to testify about the photograph of Petitioner with braided hair, the last state court to issue a reasoned opinion denying this claim, the Michigan Court of Appeals, held, in pertinent part:

> Rebuttal evidence is properly admitted if it is responsive to a theory developed by the defendant or to introduced evidence.... Review of the record reveals that Detective Jones' testimony was offered in response to the testimony of defendant's relatives that defendant never had braided hair. Accordingly, the trial court did not abuse its discretion by admitting the rebuttal testimony.

*People v. Slack,* 2001 WL 714812 at *1.

" '[F]ederal habeas corpus review does not lie for errors of state law.' " *Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), *quoting Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990). The Sixth Circuit has held that "[i]n a federal habeas corpus proceeding, it is not the province of a federal appellate court to review the decision of the state's highest court on purely state law." *Long v. Smith,* 663 F.2d 18, 23 (6th Cir.1981). "Errors by a state court in the admission of evidence are not cogniza-

ble in habeas corpus proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow,* 25 F.3d 363, 370 (6th Cir. 1994).

Thus, to the extent that Petitioner claims the admission of Officer Jones's testimony was inappropriate rebuttal testimony, that claim is not cognizable on federal habeas review absent a showing that he was denied his right to a fair trial. Petitioner has not shown that this rebuttal testimony denied him a fair trial. Therefore, he is not entitled to habeas corpus relief with respect to this claim.

■ Next, Petitioner claims that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to produce a copy of the photograph to the defense. In *Brady,* 373 U.S. at 87, 83 S.Ct. 1194 (1963), the Supreme Court established that a prosecutor's failure to disclose evidence favorable to the defense constitutes a denial of due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Included within the universe of evidence that must be disclosed is that which might be used to impeach prosecution witnesses. *United States v. Bagley,* 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 682, 105 S.Ct. 3375.

The last state court to issue a reasoned opinion regarding Petitioner's claim of a *Brady* violation, the Michigan Court of Appeals, held that the photograph was not exculpatory evidence and, therefore, the failure to disclose the evidence did not violate *Brady. People v. Slack,* 2001 WL

714812 at *1. Petitioner has failed to show that the state court's conclusion that the evidence was not exculpatory was erroneous. Accordingly, the state court's decision that no *Brady* violation occurred was not contrary to or an unreasonable application of Supreme Court precedent.

■ Finally, Petitioner claims that Officer Jones was improperly permitted to vouch for the credibility of identification witness James Malone. Respondent argues that this claims is barred from review because it is procedurally defaulted. The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Such a default may occur if the state prisoner fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, e.g., to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady,* 456 U.S. 152, 167–69, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir.1996). Application of the cause and prejudice test may be excused if a petitioner "presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent." *Rust,* 17 F.3d at 162; *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ For the doctrine of procedural default to apply, a firmly established state procedural rule applicable to the petitioner's claim must exist, and the petitioner must have failed to comply with that state procedural rule. *Warner v. United States,* 975 F.2d 1207, 1213–14 (6th Cir.1992), *cert. denied,* 507 U.S. 932, 113 S.Ct. 1314, 122 L.Ed.2d 702 (1993). Additionally, the last state court from which the petitioner sought review must have invoked the state procedural rule as a basis for its decision to reject review of the petitioner's federal claim. *Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. "When a state court judgment appears to have rested primarily on federal law or was interwoven with federal law, a state procedural rule is an independent and adequate state ground only if the state court rendering judgment in the case clearly and expressly stated that its judgment rested on a procedural bar." *Simpson,* 94 F.3d at 202.

■ If the last state court from which the petitioner sought review affirmed the conviction both on the merits, and, alternatively, on a procedural ground, the procedural default bar is invoked and the petitioner must establish cause and prejudice in order for the federal court to review the petition. *Rust,* 17 F.3d at 161. If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

■ This Court begins its analysis of whether Petitioner's claim is procedurally defaulted by looking to the last reasoned state court judgment denying Petitioner's claim. *See Coleman,* 501 U.S. at 729–30, 111 S.Ct. 2546. The Michigan Court of

Appeals held that the claim was subject to review only for plain error because Petitioner failed to object the testimony at trial. The state court's reliance on Petitioner's failure to object to the testimony was an adequate and independent state ground on which to decline to review Petitioner's claim. *See Engle v. Isaac,* 456 U.S. 107, 110, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Thus, this Court may not review Petitioner's claim unless he has established cause for the default and actual prejudice as a result of the alleged violation of federal law or unless he has demonstrated that failure to consider these claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

Petitioner fails to assert cause to excuse his procedural default. His claim is therefore barred unless he can establish that a constitutional error resulted in a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

■ The Supreme Court explicitly has tied the miscarriage of justice exception to procedural default to a petitioner's innocence. *Schlup,* 513 U.S. at 321, 115 S.Ct. 851. Thus, Petitioner must assert a constitutional error along with a claim of innocence. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*

Petitioner has not supported his allegation of constitutional error with new reliable evidence that was not presented to the trial court. Accordingly, Petitioner's claim is procedurally barred.

**D.** *Jury Instruction Claim*

■ Petitioner claims that he is entitled to habeas corpus relief because the trial court erred in failing to instruct the jury regarding the prosecutor's failure to produce the photograph depicting Petitioner in braids. Respondent argues that this claim is also procedurally defaulted. The last state court to issue a reasoned opinion regarding this claim, the Michigan Court of Appeals, held that Petitioner failed to raise a timely objection to this claim. Thus, the doctrine of procedural default is invoked.

Petitioner fails to allege cause to excuse his default or show that a constitutional error resulted in a miscarriage of justice. Thus, this claim is also barred from review because it is procedurally defaulted.

■■ Moreover, even if this claim were not procedurally defaulted, it would not justify granting a writ of habeas corpus. Generally, a claim that a state trial judge gave erroneous jury instructions is not cognizable in a federal habeas action unless the instruction " 'so infected the entire trial that the resulting conviction violates due process.' " *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), *quoting Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). "[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned', but that it violated some [constitutional] right.' " *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Further, "[i]t is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991), *quoting Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). Petitioner has failed to show that the absence of an instruction regarding the missing photograph so infected the entire trial

as to violate his right to due process. Thus, Petitioner is not entitled to habeas corpus relief with respect to this claim.

### E. *Cumulative Effect of Alleged Errors*

■ Petitioner claims that he is entitled to habeas corpus relief because the cumulative effect of the errors deprived him of a fair trial. This Court has determined that the state court's holding that the errors alleged by Petitioner were not errors was not contrary to or an unreasonable application of Supreme Court precedent. Thus, Petitioner's claim that the cumulative effect of the errors alleged herein deprived him of a fair trial so as to entitle him to habeas corpus relief is meritless.

### V. *Conclusion*

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED**.

**IT IS FURTHER ORDERED** that if Petitioner desires to seek a certificate of appealability ("COA"), Petitioner may file a **MOTION** for a COA within **THIRTY (30) DAYS** of filing a Notice of Appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir.2002) ("***We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA.***" (emphasis added)). Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **TWENTY (20) DAYS** of service of Petitioner's motion for a COA.

### *JUDGMENT*

IT IS ORDERED AND ADJUDGED that pursuant to this Court's Opinion and Order dated April 16, 2003, this cause of action is DISMISSED WITH PREJUDICE.