**Jeffrey HITCHCOCK, Petitioner–Appellant,**

v.

**Julius WILSON, Warden, Respondent–Appellee.**

No. 02–4439.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2004.

Jeffrey Hitchcock, Leavittsburg, OH, Pro se.

Michael H. Shaut, Shaker Heights, OH, for Petitioner–Appellant.

Stuart A. Cole, Asst. Atty. General, Columbus, OH, for Respondent–Appellee.

Before BOGGS, Chief Judge; GUY, Circuit Judge; and HOOD, District Judge.*

### ORDER

Jeffrey Hitchcock appeals pro se from a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. § 2254. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Hitchcock pleaded guilty to involuntary manslaughter and child endangerment. *See* Ohio Rev.Code §§ 2903.03 and 2929.22. He was sentenced to seventeen years of imprisonment, and he did not file a timely direct appeal. Instead, Hitchcock moved for leave to file a delayed appeal under Ohio R.App. P. 5. That motion was denied, and the Ohio Supreme Court declined further review.

In his § 2254 petition, Hitchcock primarily alleged that he was denied the ef-

---

* The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

fective assistance of counsel, that he was subjected to prosecutorial misconduct, that he was improperly sentenced, and that his guilty plea was involuntary. The district court found that these claims were subject to an unexcused procedural default and dismissed the petition *sua sponte* on November 6, 2002. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS. It is from this judgment that Hitchcock now appeals, moving for the appointment of counsel on appeal.

We review the district court's legal conclusions *de novo*, while examining its factual findings for clear error. *See Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999). The *sua sponte* dismissal of Hitchcock's petition is governed by Rule 4 of the Rules Governing Section 2254 Cases, which provides in pertinent part as follows:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise, the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

A certificate of appealability has been granted regarding the following limited issues: 1) whether it was appropriate to assume that the state courts had denied Hitchcock leave to appeal on procedural grounds when the opinions of the state courts were not included in the record; and 2) whether Hitchcock's § 2254 petition was subject to summary dismissal because he did not affirmatively plead cause and prejudice regarding the assumed procedural default.

When presented with a series of unexplained prior state court decisions in a habeas corpus case, the federal courts may assume that the state courts have followed their own rules and have based their decisions on applicable procedural grounds. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir.1996). Hitchcock's § 2254 petition did not include the relevant state court opinions or indicate how they had been decided. However, he has attached those opinions to his current brief, and it is now clear that his claims were procedurally defaulted in the state courts.

The district court found that Hitchcock's § 2254 petition did not reasonably suggest cause and prejudice regarding his procedural default. However, Hitchcock arguably alleged that he did not file a timely appeal because the trial court and defense counsel had not advised him that he could do so. Under these circumstances, we conclude that it was premature to dismiss his case under Rule 4, as it does not plainly appear from the face of the § 2254 petition that he cannot show cause and prejudice that might excuse his procedural default. A remand is warranted for further consideration of this issue. *See id.* at 203–04.

Accordingly, all pending motions are denied, the district court's judgment is vacated, and the case is remanded for further proceedings. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.